IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | |
| § | No. 3:16-cr-417-M (2) |
| ZABRIUN RODGER CARTER, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER REVOKING PREHEARING RELEASE AND ORDERING DETENTION PENDING HEARING**

Defendant Zabriun Rodger Carter is facing a final supervised release revocation hearing before Chief Judge Barbara M. G. Lynn.

On July 22, 2020, the undersigned United States magistrate judge considered releasing Defendant pending the final hearing under 18 U.S.C. § 3143(a)(1), which directs that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)." Without opposition by the government, in accordance with 18 U.S.C. § 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6), the Court released Defendant under 18 U.S.C.

§ 3142(c) pending the final hearing subject to an Order Setting Conditions of Release. *See* Dkt. No. 93. Among those conditions are: (7s) The defendant must comply with existing conditions of supervised release. *See id.* at 2.

Having been released on such conditions, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Under 18 U.S.C. § 3148(b),

> [t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b).

Section 3148(b) further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of

any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(2).

But Section 3148(b) further provides that, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." 18 U.S.C. § 3148.

On August 17, 2020, Defendant's supervising probation officer filed a Report of Violation of Conditions of Pretrial Release, in which he reported that he "has information that the defendant has violated such conditions in each of the following respects":

> Zabriun Rodger Carter violated his conditions of supervised release by leaving the Northern District of Texas without permission of the court or probation officer.
> Furthermore, Mr. Carter violated his conditions of supervised release by failing to answer all inquiries truthfully by the probation officer and following the instructions of the probation officer.
> On August 14, 2020, U.S. Probation Officer Bevan Vaughan (USPO Vaughan) contacted Mr. Carter via telephone. USPO Vaughan initiated virtual field contact utilizing iPhone FaceTime due to COVID-19 procedures. USPO Vaughan requested Mr. Carter's physical location and Mr. Carter stated he was at a friend's house in Greenville, Texas. USPO Vaughan requested the physical address and the address Mr. Carter provided was invalid. Mr. Carter later admitted that he was not in Greenville, Texas, and was in Paris, Texas, which is located in the Eastern District of Texas. Mr. Carter did not have permission to travel to the Eastern District of Texas. USPO Vaughan requested Mr. Carter's physical location in Paris, Texas, and he refused to provide it.

> The undersigned suggests to the court that a warrant be issued for the arrest of the defendant, and that a hearing be scheduled for consideration of revocation of the defendant's conditions of pretrial release.

Dkt. No. 99 at 1. The Court ordered that a violator's warrant be issued, and the above-named defendant be arrested forthwith and brought before a judge of this court to determine whether his conditions of pretrial release should be revoked. *See id.* at 2; see also Dkt. No. 100 (warrant).

On April 27, 2022, Defendant was arrested in another district and, at his initial appearance in that district, consented to remain in custody and be transferred to this district to face revocation proceedings. *See* Dkt. No. 146. The government then filed a motion for detention and revocation. *See* Dkt. No. 149.

On June 23, 2022, the Court held a hearing on the matter of possible revocation, at which Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

The Court confirmed at the hearing that Defendant had reviewed the Report of Violation of Conditions of Pretrial Release [Dkt. No. 99] with his counsel. At the hearing, Defendant voluntarily waived his right to a hearing to contest whether his prehearing release should be revoked and he should be detained pending the final supervised release revocation hearing, after having been advised by the Court that, if he did so, the Court would revoke his prehearing release and order him detained pending the final hearing before Chief Judge Lynn.

Based on Defendant's knowing and voluntary waiver of a revocation hearing in the face of the alleged violations in the Report of Violation of Conditions of Pretrial Release [Dkt. No. 99], the Court finds, in accordance with the Section 3148(b)'s requirements, clear and convincing evidence that Defendant has violated a condition of release imposed on him by this Court's Order Setting Conditions of Release [Dkt. No. 99] – specifically, that Defendant must comply with existing conditions of supervised release. And the Court further finds and that Defendant is unlikely to abide by any condition or combination of conditions of release.

The Court GRANTS the government's motions to detain and revoke prehearing release [Dkt. No. 149] and ORDERS that, under 18 U.S.C. § 3148(b), the Court's Order Setting Conditions of Release [Dkt. No. 93] is VACATED and Defendant's prehearing release under 18 U.S.C. § 3142 is revoked.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: June 23, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE